ERIC GRANT
United States Attorney
MATHEW W. PILE
Executive Counsel for Program Litigation 1
Office of Program Litigation, Office 7
ROSEANNE GILLETTE, CSBN 251001
Special Assistant United States Attorney
Office of Program Litigation, Office 7
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235
Telephone: (855) 295-8304
Email: Roseanne.Gillette@ssa.gov
Attorneys for Defendant

Karl E. Osterhout (PA 49658)
Osterhout Berger Daley, LLC
521 Cedar Way, Suite 200
Oakmont, PA 15139
Phone: (412) 794-8003
Fax: (412) 794-8050
Email: kosterhout@obd.law
*Pro Hac Vice*
Attorney for Plaintiff, Sue Carol Phelps

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE CAROL PHELPS,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 2:25-cv-01173-AC<br><br>STIPULATION AND [~~PROPOSED~~] ORDER FOR THE AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) 28 U.S.C. § 2412(d) |

TO THE HONORABLE ALLISON CLAIRE, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

The Parties through their undersigned counsel, subject to the Court's approval, stipulate that Plaintiff be awarded attorney fees in the amount of EIGHT THOUSAND, FIVE HUNDRED DOLLARS and 00/100 ($8,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). Plaintiff attests her net worth has not exceeded, $2,000,000.00, at the time of the filing of this civil action nor at the present.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel, Karl E. Osterhout, at 521 Cedar Way, Suite 200, Oakmont, Pennsylvania 15139.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of EIGHT THOUSAND, FIVE HUNDRED DOLLARS and 00/100 ($8,500.00) in EAJA attorney fees. These payments shall constitute a complete release from, and bar to, any and all claims that Plaintiff and Plaintiff's attorney, Karl E. Osterhout, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: October 29, 2026

***/s/ Karl E. Osterhout***
KARL E. OSTERHOUT, ESQUIRE
Attorney for Plaintiff

Dated: October 29, 2026

ERIC GRANT
United States Attorney

By: ***/s/Roseanne Gillette***
Roseanne Gillette
Special Assistant U.S. Attorney
Attorneys for Defendant
(*Permission to use electronic signature obtained via email on 10/9/2026).

SO ORDERED:

DATE: October 30, 2026



ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE